IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RUSSELL LEE X. VANCE, | ) |
| Plaintiff, | ) Civil Action No. 2:13-cv-0973 |
| v. | ) |
| | ) United States Magistrate Judge |
| REV. ULLI KLEMM, Religion Volunteer and Recreational Services "Program Administrator," in his personal and professional capacity, | ) Cynthia Reed Eddy |
| Defendant. | ) |

## MEMORANDUM AND ORDER

Presently before the Court for disposition is Defendant's Motion to Revoke Plaintiff's IFP Status (ECF No. 13) and Plaintiff's response in opposition (ECF No. 16). For the reasons that follow, the Court will grant the Motion to Revoke Plaintiff's IFP Status.[1]

Plaintiff, Russell Lee X. Vance, is a state prisoner currently incarcerated at SCI - Fayette. He commenced this action on July 10, 2013, by the filing of a Motion for Leave to Proceed *in forma pauperis* (ECF No. 1) accompanied by a civil rights complaint (ECF No. 1-1). On July 25, 2013, the Motion for Leave to Proceed *in forma pauperis* case was granted and the Complaint was filed.

In his Complaint, Plaintiff complains that Defendant has refused to recognize his religion named "The Truth of African N.W. Lost-Sheep of the House of Israel" and that Defendant has

---

[1] The parties have both voluntarily consented to jurisdiction by a United States Magistrate Judge. See ECF Nos. 7 and 18.

1

refused to serve him "Kosher hot meals." Nothing in the complaint suggests that Plaintiff was in imminent danger of serious physical injury at the time the complaint was filed.

The Court takes judicial notice of the fact that Plaintiff has "three strikes" within the meaning of 28 U.S.C. § 1915(g),[2] which provides in relevant part that:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Under the three strikes rule, a prisoner who, on three or more prior occasions while incarcerated, has filed an action in a federal court that was dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted, must be denied IFP status unless he is imminent danger of serious physical injury. 28 U.S.C. § 1915(g). Plaintiff is a "prisoner" within the meaning of 28 U.S.C. § 1915(g) and court records indicate that Plaintiff has had at least three prior actions dismissed that count as strikes. *See Vance v. Albert Einstein Medical Center, Brewer*, Civil Action No. 10-cv-2621 (E.D. Pa. June 4, 2010) (noting that in addition to the instant action, plaintiff had three other civil actions dismissed as frivolous: Civil Action No. 96-0438, dismissed as frivolous on January 24, 1996; Civil Action No. 94-0288, dismissed as frivolous on January 21, 1994; and Civil Action No. 94-0255, dismissed as frivolous on January 24, 1994.

Although Plaintiff has had at least three previous "strikes," he may be entitled to proceed *in forma pauperis* under the "imminent danger" exception to the three strikes rule. To satisfy the

---

[2] Abdul-Akbar v. McKelvie, 239 F.3d 307, 310 (3d Cir. 2001) (noting that 28 U.S.C. § 1915(g) is "popularly known as the 'three strikes' rule").

imminent danger element, Plaintiff must allege facts showing that he was in imminent danger at the time the complaint was filed; allegations that the prisoner has faced imminent danger in the past are insufficient to trigger the exception to section 1915(g). *See Abdul-Akbar v. McKelvie*, 239 F.3d 307 (3d Cir. 2001) (overruling *Gibbs v. Roman,* 116 F.3d 83, 86 (3d Cir. 1997)). In making this determination, the court should construe all allegations in a complaint in favor of the plaintiff. *Gibbs v. Cross*, 160 F.3d 962, 965 (3d Cir. 1998); *Gibbs v. Roman,* 116 F.3d at 86. The Court of Appeals for the Third Circuit has instructed that:

> "[i]mminent" dangers are those dangers which are about to occur at any moment or are impending. By using the term "imminent," Congress indicated that it wanted to include a safety valve for the "three strikes" rule to prevent impending harms, not those harms that had already occurred. The imminent danger exception allows the district court to permit an otherwise barred prisoner to file a complaint I.F.P. if the prisoner could be subject to serious physical injury and does not then have the requisite filing fee.

*Abdul-Akbar*, 239 F.3d at 315 (internal citation omitted).

A review of Plaintiff's allegations fails to indicate any imminent danger of physical injury caused by Defendants' alleged misconduct. In response to the motion to revoke his IFP status, Plaintiff claimed that as a result of being denied hot kosher food, he suffered from dizzy spells, passes out in his cell and is injured in falls, and vomits violently. By Order of December 17, 2013, the Court directed Plaintiff to submit medical records which demonstrated that because of the denial of hot kosher foods, he faced imminent threat of physical harm at the time the complaint was filed. The only medical records submitted by Plaintiff reflect that on July 29, 2013, he sustained a broken tooth "by a piece of timber that was in, spinach-greens, that were served to me, non-kosher!" Resp. at 1 (ECF No. 19).

Defendant has submitted copies of Plaintiff's medical records from 2013. There is no indication in these records of Plaintiff suffering from dizziness, falls, or vomiting. Rather, the records reflect that Plaintiff is seen in a clinic for ongoing asthma and hypertension problems. Nothing in these records even remotely suggests that Plaintiff was in imminent danger of serious physical injury at the time the complaint was filed. Consequently, Plaintiff is not entitled to proceed *in forma pauperis* in this action.

**AND NOW**, this 10th day of January, 2014,

It is hereby **ORDERED, ADJUDGED AND DECREED** that Defendant's Motion to Revoke Plaintiff's IFP Status is **GRANTED** in accordance with 28 U.S.C. § 1915(g);

It is further **ORDERED** that this action is **DISMISSED** without prejudice to Plaintiff's right to reopen by paying the full $350.00 statutory filing fee, plus an administrative filing fee in the amount of $50.00, for a total of $400.00;

It is further **ORDERED** that the Clerk of Court mark this case **CLOSED**.

And it is further **ORDERED** that pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure, Plaintiff has thirty (30) days to file a Notice of Appeal as provided by Rule 3 of the Federal Rules of Appellate Procedure.

/s *Cynthia Reed Eddy*
Cynthia Reed Eddy
United States Magistrate Judge

cc: RUSSELL LEE X. VANCE
AY-6446 , SCI FAYETTE
La Belle, PA 15450-0999
(via U.S. Postal Mail)

Mary Lynch Friedline
Office of Attorney General
Email: mfriedline@attorneygeneral.gov