## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RUSSELL LEE X. VANCE, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 2:13-cv-0973 |
| ) | |
| v. ) | |
| ) | United States Magistrate Judge |
| REV. ULLI KLEMM, Religion Volunteer ) | Cynthia Reed Eddy |
| and Recreational Services "Program ) | |
| Administrator," in his personal and ) | |
| professional capacity, ) | |
| ) | |
| Defendant. ) | |

### MEMORANDUM AND ORDER

Presently before the Court is Defendant's Motion to Dismiss, with brief in support (ECF Nos. 31 and 32) and Plaintiff's response and brief in opposition (ECF Nos. 34, 35, and 36). For the reasons that follow, the Court will grant the Motion to Dismiss with prejudice.[1]

Plaintiff, Russell Lee X. Vance, is a state prisoner currently incarcerated at SCI - Fayette. He commenced this action on July 10, 2013, by the filing of a Motion for Leave to Proceed *in forma pauperis* (ECF No. 1) accompanied by a civil rights complaint (ECF No. 1-1). On July 25, 2013, the Motion for Leave to Proceed *in forma pauperis* case was granted and the Complaint was filed. Thereafter, Defendant filed a Motion to Revoke Plaintiff's IFP Status as Plaintiff had filed three or more civil actions which were dismissed as frivolous, malicious, and/or for failure to state a claim upon which relief may be granted. On January 10, 2014, the Court granted Defendant's motion, Plaintiff's IFP status was revoked, and the case was

---

[1] The parties have both voluntarily consented to jurisdiction by a United States Magistrate Judge. See ECF Nos. 7 and 18.

1

dismissed without prejudice to Plaintiff's right to reopen by paying the full $350.00 statutory filing fee, plus an administrative filing fee in the amount of $50.00, for a total of $400.00.

On April 29, 2014, Plaintiff paid the full filing fee and, thereafter, the case was reopened.

In his Complaint, Plaintiff alleges that on February 24, 2011, Defendant Klemm refused to recognize his religion named "The Truth of African N.W. Lost-Sheep of the House of Israel" and refused to serve him "Kosher hot meals." Plaintiff claims that Defendant Klemm's decision violated his rights under the First, Fifth, Eighth, and Fourteenth Amendments, as well as his rights under the Religious Land Use and Institutionalized Persons Act ("RLUIPA").

Currently before the Court is Defendant's motion to dismiss in which Defendant argues that Plaintiff's claims are time barred.

**Standard of Review**

1. *Pro Se Litigants*

Pro se pleadings, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner,* 404 U.S. 519, 520–521 (1972). If the court can reasonably read pleadings to state a valid claim on which the litigant could prevail, it should do so despite failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or the litigant's unfamiliarity with pleading requirements. *Boag v. MacDougall*, 454 U.S. 364 (1982); *United States ex rel. Montgomery v. Bierley,* 141 F.2d 552, 555 (3d Cir.1969) (petition prepared by a prisoner may be inartfully drawn and should be read "with a measure of tolerance").

In a section 1983 action, the court must liberally construe the pro se litigant's pleadings and "apply the applicable law, irrespective of whether a pro se litigant has mentioned it by name." *Higgins v. Beyer*, 293 F.3d 683, 688 (3d Cir. 2002) (quoting *Holley v. Dep't of Veteran*

*Affairs*, 165 F.3d 244, 247–48 (3d Cir. 1999)).[2]  *See also Nami v. Fauver,* 82 F.3d 63, 65 (3d Cir. 1996) ("Since this is a § 1983 action, the [pro se] plaintiffs are entitled to relief if their complaint sufficiently alleges deprivation of any right secured by the Constitution.") (quoting *Higgins,* 293 F.3d at 688).  Under our liberal pleading rules, during the initial stages of litigation, a district court should construe all allegations in a complaint in favor of the complainant. *Gibbs v. Roman,* 116 F.3d 83 (3d Cir. 1997).  *See, e.g., Nami v. Fauver*, 82 F.3d 63, 65 (3d Cir.1996) (discussing Fed.R.Civ.P. 12(b)(6) standard); *Markowitz v. Northeast Land Co.,* 906 F.2d 100, 103 (3d Cir. 1990) (same).  Notwithstanding this liberality, pro se litigants are not relieved of their obligation to allege sufficient facts to support a cognizable legal claim.  *See, e.g., Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002).

Because Plaintiff is a pro se litigant, this Court may consider facts and make inferences where it is appropriate.

2.    *Motion to Dismiss Pursuant to Rule 12(b)(6) - The Legal Standard*

A motion to dismiss pursuant Rule 12(b)(6) challenges the legal sufficienty of the complaint.  When reviewing a motion to dismiss, the Court must accept all well-pleaded facts

---

[2]  The Court of Appeals for the Third Circuit has explained the liberal construction of pro se pleadings, as follows:

> The federal rules do not adhere to the ancient principle that a pleading must be construed most strongly against the pleader.  Nor do the federal courts require technical exactness or draw refined inferences against the pleader; rather, they make a determined effort to understand what he is attempting to set forth and to construe the pleading in his favor, whenever justice so requires.  This is particularly true when a court is dealing with a complaint drawn by a layman unskilled in the law.  In these cases, technical deficiencies in the complaint will be treated leniently and the entire pleading will be scrutinized to determine if any legally cognizable claim can be found within it.

*Lewis v. Attorney General of U.S.,* 878 F.2d 714, 722 (3d Cir. 1989) (quoting 5 C. Wright & A. Miller, Federal Practice and Procedure § 1286, at 381-84 (1969)).

and allegations, and must draw all reasonable inferences therefrom in favor of the plaintiff. *Burtch v. Milberg Factors, Inc.,* 62 F.3d 212, 220 (3d Cir. 2011), *cert. denied*, -- U.S. --, 131 S. Ct. 1861 (2012) (citing *In re Ins. Brokerage Antitrust Litig.,* 618 F.3d 300, 314 (3d Cir. 2010)). However, as the Supreme Court of the United States made clear in *Bell Atlantic Corp. v. Twombly,* such "[f]actual allegations must be enough to raise a right to relief above the speculative level." 550 U.S. 554, 555 (2007). *See also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (holding that, while the Complaint need not contain detailed factual allegations, it must contain more than a "formulaic recitation of the elements" of a constitutional claim and must state a claim that is plausible on its face) (quoting *Twombly*, and providing further guidance on the standard set forth therein).

To determine the legal sufficiency of a complaint after *Twombly* and *Iqbal,* the United States Court of Appeals for the Third Circuit instructs that a district court must make a three-step approach when presented with a motion to dismiss for failure to state a claim. *Santiago v. Warminster Twp.,* 629 F.3d 121, 130 n.7 (3d Cir. 2010) (noting that although *Iqbal* describes the process as a "two-pronged approach," it views the case as outlining three steps) (citing *Iqbal*, 556 U.S. at 675). First, "the court must 'tak[e] note of the elements a plaintiff must plead to state a claim." *Id.* at 130 (quoting *Iqbal,* 556 U.S. at 675) (alteration in original). Second, the court "should identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth.'" *Id.* (quoting *Iqbal,* 556 U.S. at 679). Third, '"where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.'" *Id*. (quoting *Iqbal,* 556 U.S. at 679).

4

Moreover, the United States Court of Appeals for the Third Circuit has held that, in civil rights cases, a court must give a plaintiff the opportunity to amend a deficient complaint - regardless of whether the plaintiff requests to do so - when dismissing a case for failure to state a claim, unless doing so would be inequitable or futile. See *Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc.,* 482 F.3d 247, 251 (3d Cir. 2007).

**Discussion**

A complaint may be dismissed on statutory limitations grounds for failure to state a claim for which relief can be granted when it is facially clear both that the complaint was filed after the statute of limitations had run and that the defendants raised the affirmative defense in the motion to dismiss. *See Oshiver v. Levin, Fishbein, Sedran & Berman,* 38 F.3d 1380, 1385 (3d Cir.1994) (stating that while the pleading standard under Rule 8(c) does not typically allow statute of limitations defense in a Rule 12(b)(6) motion to dismiss, "an exception is made where the complaint facially shows noncompliance with the limitations period and the affirmative defense clearly appears on the face of the pleading").

It is well established that there is no independent statute of limitations for bringing a claim under 42 U.S.C. § 1983 in federal court. Instead, the United States Court of Appeals for the Third Circuit has determined that "the [forum] state's statute of limitations for personal injury" applies to claims filed under 42 U.S.C. § 1983. *Sameric Corp. of Delaware, Inc. v. City of Philadelphia*, 142 F.3d 582, 599 (3d Cir. 1988). The statute of limitations for personal injury actions in Pennsylvania is two years. *See* 42 Pa. Cons. Stat. Ann. § 5524.

For federal claims arising out of alleged constitutional violations brought pursuant to 42 U.S.C. § 1983, the accrual date of the claim is determined in accordance with federal law. *Disabled in Action of Pa. v. Se. Pa. Trans. Auth.,* 539 F.3d 199, 209 (3d Cir. 2008). Generally, a

§ 1983 claim accrues "when the plaintiff **knew or should have known** of the injury upon which its action is based." *Sameric,* 142 F.3d at 599 (citing *De Botton v. Marple Twp.,* 689 F. Supp. 477, 480 (E.D.Pa.1988) (emphasis added)); *see also Large v. County of Montgomery*, 307 F. App'x 606, 606 (3d Cir. 2009). Therefore, the statute of limitations begins to run once a plaintiff has become aware or should have become aware of the underlying injury. *Id.*

The court can consider two additional factors in prisoner statute of limitations cases: whether equitable tolling is appropriate and whether applying the prisoner mailbox rule would make the filing date timely. The United States Court of Appeals for the Third Circuit has identified three situations in which equitable tolling may be used: (1) where a defendant actively misleads a plaintiff with respect to the cause of action; (2) where the plaintiff has been prevented from asserting the claim as a result of other extraordinary circumstances; or (3) where the plaintiff asserts [the] claims in a timely manner but has done so in the wrong forum. *Lake v. Arnold*, 232 F.3d 360, 370 (3d Cir. 2000).

The court also applies the "prisoner mailbox rule" which provides than an inmate's pleadings are deemed filed at the moment he delivers the documents to prison officials to be mailed, and not the date the documents were actually filed in court. *Houston v. Lack*, 487 U.S. 266, 275-76 (1988); *see also Burns v. Morton*, 134 F.3d 109, 113 (3d Cir. 1998) (explaining that "a pro se prisoner's . . . petition is deemed filed at the moment he delivers it to prison officials for mailing"). Although this rule has typically been applied in circumstances involving habeas petitions, courts within the Third Circuit have extended this rule to other contexts, including § 1983 claims. *See White v. Pa. State Police,* 408 F. App'x 521, 522 (3d Cir. 2010) (finding that a prisoner receives the benefit of the mailbox rule for a § 1983 complaint).

Defendant asserts that Plaintiff filed his complaint after the statute of limitations had run. As the Complaint clearly states, Plaintiff's claims arise from Defendant Klemm's decision of February 24, 2011. Therefore, the statute of limitations began running on that date. Both the application for *in forma pauperis* and the Complaint were signed and dated by Plaintiff on June 30, 2013, the envelope is post-marked July 9, 2013, and the complaint was received by the Clerk's office on July 10, 2013. All these dates are more than two years after Defendant Klemm denied Plaintiff's request in February of 2011.

Plaintiff's response to the motion to dismiss neither addresses whether the statute of limitations had lapsed nor whether equitable tolling is appropriate.

The Court finds that Plaintiff's claims are time barred[3] and that it would be futile to allow amendment.

**Conclusion**

For the foregoing reasons, the Court will grant Defendant's Motion to Dismiss and this case will be dismissed with prejudice for failure to state a claim.

**ORDER**

**AND NOW**, this 23rd day of September, 2014,

It is hereby **ORDERED, ADJUDGED AND DECREED** that Defendant's Motion to Dismiss is **GRANTED** with prejudice for failure to state a claim.

It is further **ORDERED** that the Clerk of Court mark this case **CLOSED**.

---

[3] Plaintiff's claims also do not fall under any of the exceptions listed in our appellate court's application of the equitable tolling doctrine and the doctrine itself is generally used sparingly. *Lake*, 232 F.3d at 370.

And it is further **ORDERED** that pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure, Plaintiff has thirty (30) days to file a Notice of Appeal as provided by Rule 3 of the Federal Rules of Appellate Procedure.

/s *Cynthia Reed Eddy*
Cynthia Reed Eddy
United States Magistrate Judge


cc: RUSSELL LEE X. VANCE
AY-6446 , SCI FAYETTE
La Belle, PA 15450-0999
(via U.S. Postal Mail)

Mary Lynch Friedline
Office of Attorney General
(via CM/ECF electronic notification)